**LI LI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1946–ag.

United States Court of Appeals, Second Circuit.

Sept. 28, 2006.

Farah Loftus, Los Angeles, California, for Petitioner.

G.F. Peterman III, United States Attorney, Dean S. Daskal, Assistant United States Attorney, Columbus, Georgia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Li Li, a native and citizen of China, seeks review of a March 28, 2006 order of the BIA adopting and affirming the December 9, 2004 decision of immigration judge ("IJ") Paul DeFonzo denying Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Li*, No. A78 045 530 (B.I.A. March 28, 2006), *aff'g* No. A78 045 530 (Immig. Ct. N.Y. City December 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

The IJ determined that based on the household registry containing the names of all of Li's family members and Li's inability to explain why her written documentation did not mention that the policeman repeatedly returned to her house looking for her, she was not credible. The IJ's determination that Li was incoherent, unresponsive, and evasive regarding the omission of any mention of the policeman looking for her after her release from jail is reasonable, as this Court gives particular deference to credibility determinations that are based, like this one, on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang*, 386 F.3d at 73.

The IJ's adverse credibility determination is substantially supported by the record. Because the only evidence of a threat to Li's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of

removal and relief under the CAT. *See Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.